Maupin, J.,
with whom Young, J., agrees, concurring:
I agree that Mazzan is entitled to a new trial. The information obtained following his conviction and recapitulated by the majority comprises a body of circumstantial evidence, which undermines the original outcome below. Thus, a jury should hear this *77 evidence in the interest of justice. However, to the extent that the police and members of the Washoe County District Attorney’s Office stand accused of misconduct by Mazzan, separate comment is warranted.
In the light of a retrospective analysis, the newly disclosed evidence does carry a certain persuasive force. This notwithstanding, we should remember that the investigators and the prosecutors were presented with a substantial body of highly probative evidence tying Mazzan to the murder of Richard Minor.
Mazzan was present at the scene of the murder at the time of its occurrence. There were no signs of forced entry by other interlopers at Minor’s residence. Mazzan was covered in Minor’s blood immediately after Minor’s homicide. Bloody shoe prints consistent with a pair of shoes Mazzan had been wearing were found at the crime scene. Blood was found in Mazzan’s vehicle after he fled without alerting the authorities. Mazzan failed to provide any information about the incident when contacted by Las Vegas police. Mazzan also lied about the events during his initial interaction with investigators in Reno. Finally, it was only after police confronted him with physical evidence incriminating him that Mazzan ultimately admitted to his presence at the crime scene.
The evidence that Mazzan claims exonerates him will only raise inferences that may or may not sufficiently undermine the considerably damning evidence against him. The prosecutors and investigators looking at the case prospectively could reasonably have determined that the evidence in support of Mazzan’s theory was not convincing.
It was not misconduct for the police and the prosecutors to subjectively conclude that the actual perpetrator was in custody and properly charged. Likewise, it was not misconduct under the then existing procedures for the prosecutors to make tactical decisions based upon their interpretation of the quality of information available, their interactions with the police and their interactions with defense counsel. Certainly, the provision of a summary of exculpatory information to defense counsel and the statement by that counsel that he would not be contending that one of the other suspects had committed the murder was sufficient for the prosecutor to have concluded that further “Brady” disclosures were unnecessary. Finally, a theory that other persons may have been involved does not, of itself, exonerate a defendant who ultimately admitted his presence during the commission of the murder.
Many of the decisions by these prosecutors, while arguably subject to some criticism in hindsight, were most likely born of a true *78 belief in the validity of the original charges. Thus, the remand for another trial rather than a vacation of the charges is appropriate.